## In the United States District Court
## for the District of Kansas

**United States of America**,
*Plaintiff,*

v.                                                     Case No. 19-10019-001-EFM

**Jason Branstetter,**
*Defendant.*

## Order Reducing Term of Imprisonment to Time Served

This matter is before the Court on the Defendant's <u>Emergency Unopposed Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 45]</u> filed on August 3, 2020. The government does not oppose Defendant's request for compassionate release.

Mr. Branstetter pleaded guilty to a superseding indictment charging one count of felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1) [D.E. 28]. The Court sentenced Mr. Branstetter to the custody of the Unites States Bureau of Prisons (BOP) for 57 months, followed by a 2-year term of supervised release [D.E. 39].

Mr. Branstetter proposes this Court grant his compassionate release with the condition that a portion or all of his two-year term of supervised release have the added condition of home confinement. The defendant suffers from a combination of chronic medical health ailments that put him at the

highest risk of serious illness or death from COVID-19, including diabetes and diabetic neuropathy, which has required the amputation of his right toes and his left leg below the knee. He has a history of high blood pressure, reduced kidney function, and an incident of pneumonia that required surgical intervention. These conditions are documented in Mr. Branstetter's Presentence Investigation Report (PSR)[D.E. 33] and verified by BOP medical records. Moreover, Mr. Branstetter recently contracted COVID-19 while imprisoned at Federal Correctional Institution (FCI) Seagoville which currently has the highest number of active COVID-19 cases of any BOP facility.

The Court has considered the applicable factors set forth in 18 U.S.C. § 3582(c)(1)(A)(i) to modify the defendant's term of imprisonment to time served. Extraordinary and compelling reasons exist here to warrant a sentence reduction of thirty-six months given Mr. Branstetter's chronic medical health ailments; his current diagnosis of COVD-19; and the current crisis arising from the COVID-19 pandemic. For these reasons, the Court finds that defendant's term of imprisonment is reduced to time served. Incarceration has served its purpose in this case and early release on grounds of compassion will further Congress's intent to expand availability to this form of relief. *Accord United States v. Ebbers*, --- F. Supp. 3d ----, 2020 WL 91399, at *4 n.6 (S.D.N.Y. 2020) (". . . the First Step Act reduced the BOP's control over compassionate release

and vested greater discretion with the courts.").

**IT IS THEREFORE ORDERED** that the Defendant's <u>Emergency Unopposed Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 45]</u> is **GRANTED**. The Court terminates the remaining term of defendant's imprisonment.

**IT IS FURTHER ORDERED** that Defendant's term of supervised release is **MODIFIED** to authorize that he serve 90 days of home detention with location monitoring at the direction of the U.S. Probation Office, as a condition of his supervised release.  The remaining terms and conditions of his supervised release remain.

**IT IS FURTHER ORDERED** that BOP shall immediately release Defendant from FCI Seagoville.  Once released, Defendant shall quarantine at his residence for a period of 14 days or until he has been free of COVID-19 symptoms for seven days.  Defendant's two-year term of supervised release shall begin immediately upon his release.

**IT IS SO ORDERED**.

Dated this 4th day of August, 2020, at Wichita, Kansas.

_Eric F. Melgren_
Honorable Eric F. Melgren
U.S. District Court Judge